UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CEDRIC CHAVEZ WILLIAMS** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | SECTION: |
| | * | |
| **HOST TERMINALS, LLC, ABC TERMINAL OWNER, XYZ INSURANCE COMPANY, M/V AFRICAN AVOCET AND ABC INSURANCE COMPANY** | * | JUDGE: |
| | * | |
| | * | MAGISTRATE JUDGE: |
| | * | |
| | * | |
| | * | |

## COMPLAINT

Plaintiff Cedric Chavez Williams, through the undersigned counsel, hereby alleges as follows:

1

Plaintiff, Cedric Chavez Williams is a person of the full age of majority and a domiciliary of Jefferson Parish, Louisiana.

2.

Defendant, **Host Terminals LLC**, is a foreign limited liability company authorized to do business in the State of Louisiana with the Corporation Service Company designated as its registered agent for service of process;

3.

Defendant, **ABC Terminal Owner,** a fictitiously named entity whose true identity is presently unknown to Plaintiff. Upon information and belief, said entity is authorized to do business in the State of Louisiana;

4.

Defendant, **XYZ Insurance Company,** is a fictitiously named insurer whose true identity

is presently unknown to Plaintiff. Upon information and belief, said insurer is authorized to do business in the State of Louisiana;

5.

Defendant, **M/V AFRICAN AVOCET**, the vessel aboard which Plaintiff was in service of at all relevant times.

6.

Defendant, **ABC Insurance Company,** is a fictitiously named insurer whose true identity is presently unknown to Plaintiff. Upon information and belief, said insurer is authorized to do business in the State of Louisiana.

## JURISDICTION AND VENUE

7.

This action is brought pursuant to the general maritime law of the United States 28 U.S.C. § 1333 and the Jones Act, 46 U.S.C. § 30104, which provides a cause of action for seamen injured in the course of their employment due to the negligence of their employer, their fellow employees, or unsafe conditions aboard the vessel.

8.

Venue is proper in this district because the incident occurred within the navigable waters of this district, and Defendant resides, conducts business or operates the vessel in this district.

## FACTUAL ALLEGATIONS

9.

On September 22, 2023, Plaintiff, Cedric Chavez Williams, while acting within the course and scope of his employment with HOST Terminals at Dock #4 of the Avondale Terminal, located at 5100 Avondale, Louisiana 70094, was descending the gangway of the M/V AFRICAN AVOCET onto stacked pallets. As Plaintiff stepped onto the top pallet, his foot became caught,

causing his ankle to twist and resulting in a backward fall, landing on his back.

10.

At the time of the incident, Plaintiff was employed by Host Terminals as a Clerk, a position that required him to spend approximately 50% of his work time aboard vessels. Plaintiff's duties included performing essential tasks integral to the mission, operation, and function of the vessel, such as identifying and tagging cargo, assisting in load management, and facilitating the tracking and coordination of shipments.

11.

Upon information and belief, employees of HOST Terminals, LLC, ABC Terminal Owner, and/or the crew of M/V AFRICAN AVOCET created a hazardous condition on the premises where the incident occurred by leaving improperly stacked and unfastened pallets in a heavily trafficked area, obstructing the walkway and posing a foreseeable risk to individuals navigating the area. Plaintiff avers that the presence of these improperly stacked and unsecured pallets constituted an unreasonably dangerous condition, of which HOST Terminals, LLC, ABC Terminal Owner, and the crew of M/V AFRICAN AVOCET, through their agents, servants, and employees, knew or should have known. Accordingly, these Defendants are liable to Plaintiff for all damages sustained pursuant to the Jones Act.

12.

As a direct result of the incident, Plaintiff sustained serious and ongoing personal injuries, requiring medical treatment and resulting in substantial medical expenses.

13.

HOST Terminals, LLC, ABC Terminal Owner, and M/V AFRICAN AVOCET created a hazardous condition on their premises through the actions of their employees and/or crew

members, who failed to properly stack and secure the pallets, thereby creating a foreseeable risk of harm that led to Plaintiff's slip and fall.

14.

At all times relevant, HOST Terminals, LLC, ABC Terminal Owner, and the crew of M/V AFRICAN AVOCET failed to provide a seaworthy vessel, thereby creating unsafe working conditions that directly caused Plaintiff, Cedric Chavez Williams, to fall and sustain injuries.

15.

The M/V AFRICAN AVOCET was unseaworthy due to unsafe conditions, including but not limited to

a. Defective or poorly maintained boarding equipment;

b. Failure to implement or enforce proper safety procedures; and

c. The presence of improperly stacked and unfastened pallets on Dock #4, creating a hazardous condition for individuals accessing or working in the area.

**CLAIMS FOR RELIEF**

**Unseaworthiness:**

16.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 15.

17.

The aforesaid Defendants are liable to Plaintiff as they owed a non-delegable duty to ensure that the M/V AFRICAN AVOCET was seaworthy - meaning reasonably fit for its intended purpose and safe for those working aboard. Their failure to uphold this duty directly resulted in Plaintiff's injuries, rendering them liable for all resulting damages.

18.

4

Defendants breached their duty by failing to maintain the M/V AFRICAN AVOCET in a seaworthy condition, thereby creating unsafe working conditions that directly contributed to Plaintiff's injuries.

19.

The unseaworthy condition of the M/V AFRICAN AVOCET was a proximate and substantial cause of Plaintiff's injuries, directly resulting in the harm sustained.

20.

As a direct result, Plaintiff has suffered damages, including but not limited to past and future medical expenses, lost wages, loss of earning capacity, physical pain and suffering, mental anguish, and emotional distress.

**Negligence Under General Maritime Law:**

21.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20.

22.

Defendants owed Plaintiff a duty to exercise reasonable care under the circumstances, including but not limited to maintaining safe conditions for boarding and disembarking the vessel, ensuring the premises were free from hazardous conditions, and implementing proper safety measures to prevent foreseeable injuries.

23.

Defendants breached their duty of care by engaging in the following negligent acts and omissions, including but not limited to:

    a. Failing to properly inspect, maintain, and repair boarding equipment;

b. Allowing hazardous conditions to exist on the vessel, including unsafe access points and improperly secured materials; and

c. Failing to provide adequate training, supervision, and oversight of the crew to ensure safe working conditions.

24.

Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and resulting damages, including but not limited to those previously described, such as medical expenses, lost wages, loss of earning capacity, physical pain and suffering, mental anguish, and emotional distress.

**Maintenance and Cure:**

25.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

26.

At the time of the incident, Plaintiff was a seaman within the meaning of general maritime law and the Jones Act, and he sustained injuries while acting in the service of the vessel.

27.

Defendants had a legal duty to provide Plaintiff with maintenance and cure for injuries sustained while in the service of the vessel, as required under general maritime law.

28.

Defendants have failed to fulfill this duty, thereby causing Plaintiff additional damages, including but not limited to unpaid medical expenses, lost wages, and necessary living costs, in violation of their obligations under general maritime law.

29.

WHEREFORE, Plaintiff prays that Defendants be duly cited to appear and answer this Petition; that Defendants be served with a copy thereof and that, after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of the Plaintiff and against Defendant for:

1. Issue process in rem against the M/V AFRICAN AVOCET, citing and arresting the vessel pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and holding it as security for Plaintiff's claims;

2. Declare Defendants liable for Plaintiff's injuries and award Plaintiff all general and special damages, including but not limited to past and future medical expenses, lost wages, loss of earning capacity, physical pain and suffering, mental anguish, and emotional distress;

3. Order Defendants to provide Plaintiff with full maintenance and cure benefits in accordance with general maritime law;

4. Award Plaintiff pre-judgment and post-judgment interest, costs of these proceedings, and reasonable attorneys' fees as allowed by law;

5. Order the judicial sale of the vessel in the event Defendants fail to satisfy any judgment rendered in Plaintiff's favor; and

6. For such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>**LAW OFFICES OF PIUS A. OBIOHA & ASSOCIATES, LLC**
>
>_____
>**PIUS A. OBIOHA (25810)**
>1550 North Broad Street
>New Orleans, LA 70119
>Telephone: (504) 265-0437
>Facsimile:  (504) 265-0440
>*Counsel for Plaintiff*